# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| CONNIE JOHNSON, ANTONIO PROCTOR, WANDA RIVERA, and MARISHA WHITE, | § § § § |
| Plaintiffs, | § § |
| v. | §  CIVIL ACTION NO. _____ |
| NAVKA, LLC, NAVIKA CAPITAL GROUP, LLC, and NAVEEN C. SHAH, | § § § § § |
| Defendants. | §  JURY DEMANDED |

## PLAINTIFFS' COMPLAINT

Plaintiffs Connie Johnson, Antonio Proctor, Wanda Rivera, and Marisha White bring this action to recover unpaid wages, minimum wages, and overtime wages from Defendants Navika Capital Group, LLC, Navka, LLC, and Naveen C. Shah.

### A. Nature of the Action

**Fair Labor Standards Act Overtime and Minimum Wage Claims**

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers. . . ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA sets overtime pay requirements for covered employers. 29 U.S.C. § 207(a).

2. Defendants violated the FLSA when they failed to pay Plaintiffs Connie Johnson, Antonio Proctor, Wanda Rivera, and Marisha White their overtime wages.

Accordingly, Plaintiffs file this Complaint under Section 216(b) of the FLSA to recover unpaid minimum and overtime wages.

3. Defendants violated the FLSA by not paying Plaintiffs the minimum wage set forth in the Act. *See* 29 U.S.C. § 206(a).

### B. Jurisdiction

4. This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Sections 206 and 216(b).

### C. Venue

5. Venue is proper in the Southern District of Georgia, because a substantial part of the events or omissions giving rise to the claim occurred in this district.

6. Alternatively, venue is proper in this district because all Defendants are residents of the State of Georgia, and Defendants Navika Capital Group, LLC, and Navka, LLC are residents of the Southern District of Georgia.

### D. The Parties

7. Plaintiff Connie Johnson is a resident of Hinesville, Georgia. She is a covered employee of Navika Capital Group, LLC, Navka, LLC, and Naveen Shah within the meaning of the FLSA.

8. Plaintiff Antonio Proctor is a resident of Hinesville, Georgia. He is a covered employee of Navika Capital Group, LLC, Navka, LLC, and Naveen Shah within the meaning of the FLSA.

9. Plaintiff Wanda Rivera is a resident of Hinesville, Georgia. She is a covered employee of Navika Capital Group, LLC, Navka, LLC, and Naveen Shah within the meaning of the FLSA.

10. Plaintiff Marisha White is a resident of Hinesville, Georgia. She is a covered employee of Navika Capital Group, LLC, Navka, LLC, and Naveen Shah within the meaning of the FLSA.

11. Defendant Navika Capital Group, LLC ("Navika") is a New York limited liability company doing business in the Southern District of Georgia. Its principal place of business is 100 Jericho Quadrangle Suite 206, Jericho, New York 11753. It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

12. Defendant Navka, LLC ("Navka") is a Georgia corporation doing business in Georgia. Its principal place of business is 1740 East Ogelthorpe Highway, Hinesville, Georgia 31313. It is an enterprise engaged in commerce that acted in the interest of an employer with respect to Plaintiffs.

13. Defendants Navika and Navka constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because their annual gross volume of sales exceeds $500,000, and their employees (including Plaintiffs) handle goods that have been moved in or been produced in commerce. 29 U.S.C § 203(s)(1).

14. Defendants Navika, Naveen C. Shah, Navka, LLC, acted directly or indirectly in the interest of an employer in relation to Plaintiffs. 29 U.S.C. § 203(d). Defendants directed the day-to-day activities of Plaintiffs. Defendants are "employers" under the FLSA. *See* 29 C.F.R. § 791.2; *Falk v. Brennan*, 414 U.S. 190, 195 (1973).

15. Defendant Naveen C. Shah ("Shah") is an individual doing business in the State of Georgia.

### E. Plaintiffs' Individual Allegations

16.     Navika, Shah, and Navka operate hotels. Among these hotels are the La Quinta Inn & Suites in Hinesville, Georgia.

17.     Shah is an owner of Navika. Navika and Shah directed the working hours and/or compensation for Plaintiffs.

18.     Plaintiff Connie Johnson worked for Navika and Navka. She was entitled to be paid for each hour she worked. As a full-time non-exempt employee, she was entitled to a minimum hourly wage. 29 U.S.C. § 206. She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207. Navika, Shah, and Navka failed to pay Connie Johnson for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Connie Johnson worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

19.     Navika, Shah, and Navka regularly directed Connie Johnson's work, and Connie Johnson does not fall within any exemption under the FLSA.

20.     Plaintiff Antonio Proctor worked for Navika and Navka. He was entitled to be paid for each hour he worked. As a full-time non-exempt employee, he was entitled to a minimum hourly wage. 29 U.S.C. § 206. He was also entitled to overtime wages at one and one half times his "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207. Navika, Shah, and Navka failed to pay Antonio Proctor for all hours worked, his minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per

week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Antonio Proctor worked, and because he was paid the minimum wage for hours reported on his paychecks (as opposed to worked), his wages per hour fall below the minimum wage.

21. Navika, Shah, and Navka regularly directed Antonio Proctor's work, and Antonio Proctor does not fall within any exemption under the FLSA.

22. Plaintiff Wanda Rivera worked for Navika and Navka. She was entitled to be paid for each hour she worked. As a full-time non-exempt employee, she was entitled to a minimum hourly wage. 29 U.S.C. § 206. She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207. Navika, Shah, and Navka failed to pay Wanda Rivera for all hours worked, her minimum wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week. Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Wanda Rivera worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

23. Navika, Shah, and Navka regularly directed Wanda Rivera's work, and Wanda Rivera does not fall within any exemption under the FLSA.

24. Plaintiff Marisha White worked for Navika and Navka. She was entitled to be paid for each hour she worked. As a full-time non-exempt employee, she was entitled to a minimum hourly wage. 29 U.S.C. § 206. She was also entitled to overtime wages at one and one half times her "regular rate" for all hours worked over forty in a given work week. *Id.* at § 207. Navika, Shah, and Navka failed to pay Marisha White for all hours worked, her minimum

wages for all hours worked, and overtime wages for all hours worked in excess of forty hours per week.  Among other illegal actions, Defendants intentionally misrepresented the number of actual hours Marisha White worked, and because she was paid the minimum wage for hours reported on her paychecks (as opposed to worked), her wages per hour fall below the minimum wage.

25. Navika, Shah, and Navka regularly directed Marisha White's work, and Marisha White does not fall within any exemption under the FLSA.

26. The illegal pattern or practice on the part of Defendants with respect to minimum and overtime wages was in violation of the FLSA.  No exemption excuses Defendants from paying Plaintiffs their minimum and overtime wages.  Nor have Defendants made a good faith effort to comply with the FLSA.  Rather, Defendants knowingly, willfully and/or with reckless disregard carried out their illegal pattern or practice regarding the payment of wages to Plaintiffs.

### F.  Causes of Action

27. Plaintiffs incorporate herein all allegations contained in paragraphs 1 through 26.

28. Defendants' practice of failing to pay Plaintiffs all minimum and overtime wages was and is in violation of the FLSA.  29 U.S.C. §§ 206, 207.  Accordingly, Plaintiffs are entitled to their minimum wages, as well as payment for all overtime hours worked in an amount that is one and one half times their regular rates of pay.

29. No exemption applies to Plaintiffs.

30. Defendants' practice of failing to pay Plaintiffs for all hours worked is a breach of contract.  In the alternative, Plaintiffs provided valuable labor and/or services to Defendants, who

accepted the benefits of those services, in expectation that they would be paid for those labor and/or services, constituting a claim for quantum meruit.

## G. Damages

31. As a direct and proximate result of the Defendants' conduct, Plaintiffs suffered the following injuries and damages:

   a. Actual damages (unpaid wages, minimum wages, and overtime wages, among others);

   b. Liquidated damages in an amount equivalent to actual damages;

   c. All reasonable and necessary attorneys' fees; and

   d. All reasonable and necessary costs incurred in pursuing this lawsuit.

## H. Attorney Fees & Costs

32. Plaintiffs are entitled to an award of attorney fees and costs under 29 U.S.C. § 216(b) and other applicable laws relating to the claims made herein.

## I. Jury Demand

33. Plaintiffs hereby demand a trial by jury.

## J. Prayer

34. Plaintiffs Connie Johnson, Antonio Proctor, Wanda Rivera, and Marisha White respectfully request the Court to:

   a. Declare that Defendants have violated the minimum and overtime provisions of the FLSA as to Plaintiffs;

   b. Declare Defendants' violations of the FLSA to be willful;

    c. Declare that Defendants have breached their contracts with Plaintiffs; or in the alternative, that Plaintiffs are entitled to recover from Defendants under quantum meruit;

    d. Award Plaintiffs damages for the amount of unpaid wages, minimum wages, and overtime wages subject to proof at trial;

    e. Award Plaintiffs an equal amount as liquidated damages as allowed under the FLSA;

    f. Award Plaintiffs reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA and Georgia law; and

    g. Award such other and further relief under law or equity.

RESPECTFULLY SUBMITTED this 7th day of July, 2014.

                                                   */s/ S. Wesley Woolf*
                                                   S. WESLEY WOOLF
                                                   Georgia Bar No. 776175
                                                   Howard L. Steele, Jr.
                                                   Texas Bar No. 24002999
                                                   Federal Bar No. 21615
                                                   *Attorneys for Plaintiffs*

**S. WESLEY WOOLF, P.C.**
408 East Bay Street
Savannah, Georgia 31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net

**STEELE LAW GROUP, PLLC**
700 Louisiana, Suite 3950
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
hsteele@steel-law-group.com