UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

ANTONIO PROCTOR, WANDA RIVERA, and MARISHA WHITE,

Plaintiffs,

v.                                    4:14-cv-144

NAVKA, LLC, NAVIKA CAPITAL GROUP, LLC, and NAVEEN C. SHAH,

Defendants.

## ORDER

A dinner party may be an appropriate place at which to arrive fashionably late, but no such fashion exists in the halls of justice. Plaintiffs bear a responsibility to promptly and fully notify those whom they sue, and they properly face consequences when they do not. They ought to "make use of time, let not advantage slip." *See* WILLIAM SHAKESPEARE, VENUS AND ADONIS, l. 129.

Here, the Plaintiffs let advantage slip. As a result, their case faces dismissal.

## I. BACKGROUND

Antonio Proctor, Wanda Rivera, and Marisha White ("the Plaintiffs")[1] filed suit against Navika Capital Group, LLC, Navka, LLC, and Naveen C. Shah ("the Defendants"), alleging that they are owed unpaid wages. ECF No. 1 at 1. They based their claim on the Fair Labor Standards Act ("FLSA").

---
[1] Connie Johnson was initially a plaintiff in this action, but she voluntarily dismissed her claims against the Defendants. ECF Nos. 17, 28.

The Plaintiffs filed suit on July 7, 2014. ECF No. 1. Although they had 120 days to serve all Defendants, *see* Fed. R. Civ. P. 4(m), the Plaintiffs failed to do so. Their time for serving the Defendants expired on November 4, 2014. At that point, the Plaintiffs' complaint could have been dismissed under Federal Rule of Civil Procedure 4(m).

But the Plaintiffs filed a Motion to Extend Time to Serve Defendants. ECF No. 7. This motion was untimely—it was filed on November 25, 2014, three weeks after service was due. It also failed to establish good cause for the delay, arguing only that the Plaintiffs had been attempting to serve the Defendants but had not yet done so. *See* ECF No. 7-1 at 3. Nevertheless, the magistrate judge granted to the Plaintiffs an extension until January 2, 2015, to serve the Defendants. ECF No. 8.

Once again, the Plaintiffs failed to serve the Defendants by the deadline: not one defendant had been served by January 2, 2015.

## II. MOTION TO DISMISS

A plaintiff must serve all defendants with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). But

> [i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

That a plaintiff could not find a defendant is not, by itself, sufficient cause for an extension of time. In fact, "[g]ood cause exists only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (alteration in original) (quotation marks omitted).

In the absence of good cause, the court must consider whether other circumstances warrant an extension of time. *Id.* at 1282. For example, the district court may grant an extension "if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132-33 (11th Cir. 2005) (quotation omitted). However, "the running of the statute of limitations does not require that a district court extend the time for service of process" under Rule 4(m). *Id.* at 1133. "[A]bsent a finding of good cause, a district court may in its discretion still dismiss a case even after considering that the statute of limitations has run." *In re Trasylol Products Liab. Litig.— MDL–1928.*, 503 F. App'x 850, 857 (11th Cir. 2013) (alteration in original) (quoting *Panaras v. Liquid Carbonic Indus. Corp.*, 94 F.3d 338, 341 (7th Cir. 1996)).

Here, the Plaintiffs had 120 days in which to serve the Defendants, and they failed to do so. They filed an untimely request for an extension, which the magistrate judge nevertheless granted. In response to this gracious gesture, the Plaintiffs again failed to serve the Defendants in time. By asking the Court to overlook each of these failures, they are in effect requesting another extension of time. The Court declines to grant them one.

The Plaintiffs argue that the facts in this case support a finding of good cause. ECF No. 19 at 4-5. However, the Plaintiffs fail to support these allegations with any citations. *See* LR 7.1(b), SDGa (requiring "every factual assertion" to be accompanied by citation to the record or an affidavit). But even if the Court were to consider unsupported allegations, these excuses are insufficient. For example, the Plaintiffs argue that they "believed . . . that the Defendants would execute the waivers of service as doing so would spare [the Plaintiffs] the expense" of serving them. *Id.* at 5. This is certainly not good cause—it instead reflects a foolish reliance upon one's opponent. Any such belief ought to have evaporated once the first deadline for service passed, and the Plaintiffs should have immediately and vigorously sought proper service. But they did not do so. Ultimately, the Court agrees with the Plaintiffs' concession that "any delay was caused by the attorneys' [sic] for Plaintiffs." ECF No. 19 at 5. But an attorney's mistake does not generate good cause for an extension of time, especially when one was previously given and not used.

Since the Court finds that the Plaintiffs has failed to demonstrate good cause for their delay, the Court must consider whether any other circumstances warrant an extension of time. The Plaintiffs urge the Court to consider the statute of limitations in this case. *See* ECF No. 26 at 4. It is possible that the statute of limitations could prevent this case from proceeding if no

2

extension is granted; the Court expresses no opinion on that issue. But the Court finds that the potential expiration of the statute of limitations does not warrant additional extensions of time in this case. The Plaintiffs have squandered the generous time frame given them in which to serve the Defendants. Continuing to extend the time for service would certainly prejudice the Defendants.

Because the Plaintiffs did not serve the Defendants within the permitted time,[2] the Court exercises its sound discretion and dismisses their complaint without prejudice.

## II. THE AMENDED COMPLAINT

The Plaintiffs have amended their complaint twice. *See* ECF Nos. 18, 23. But "the 120–day period provided by Rule 4(m) is not restarted by the filing of an amended complaint except as to those defendants newly added in the amended complaint." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1148 (10th Cir. 2006); *see also Patterson v. Brady*, 131 F.R.D. 679, 683 (S.D. Ind. 1990) (rejecting service of an amended complaint as fulfilling the requirements of service). After all, "[t]he purpose of allowing complaints to be amended is to enable the pleadings to be conformed to the developing evidence rather than to extend the time for service indefinitely." *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987).

Therefore, the fact that the Plaintiffs have filed an amended complaint—one that adds no new defendants—has no effect on the Court's finding that their service of the Defendants was insufficient. Since the Court has dismissed the complaint, the Plaintiff's amended complaint is a nullity. Thus, the Court denies the Defendants' Second Motion to Dismiss, ECF No. 25, as moot.

## IV. CONCLUSION

The Court **GRANTED** the Defendants' Motion to Dismiss, ECF No. 14, and **DISMISSED** the Plaintiff's complaint without prejudice. Because no action remains in the Court, the Court **DENIED** the Defendants' Second Motion to Dismiss, ECF No. 25.

The clerk is **DIRECTED** to close this case.

This __ day of April 2015.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[2] The Court notes that the Defendants appear to have been served after the deadline of January 2, 2015. *See* ECF Nos. 11, 12, 16. However, completing service after the deadline is of no moment to the Court. *See Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998) (affirming dismissal even when plaintiff served defendant after the deadline).

3